IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. | ) ) |
| Plaintiff, | ) Civil Action No. 05-0484 ) ) Chief Judge Ambrose/ |
| v. | ) Magistrate Judge Sensenich ) ) Re: Docs. #10, #12 |
| DAN ONORATO, individually and officially, DENNIS DAVIN, individually and officially, MAURICE STRUL, individually and officially, ALLEGHENY COUNTY, REDEVELOPMENT AUTHORITY OF ALLEGHENY COUNTY, BRIAN D. CLARK, BRIAN D. CLARK AND ASSOCIATES, MICHAEL YABLONSKI, KEVIN MCKEEGAN, MEYER, UNKOVIC & SCOTT, L.L.P., ALFRED A. KUEHN, and MANAGEMENT SCIENCE ASSOCIATES, INC. | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

Defendants Brian D. Clark and Brain D. Clark & Associates (Clarks) filed a Motion for More Definite Statement to which the Plaintiffs responded, and Defendants Dr. Alfred A. Kuehn (Dr. Kuehn) and Management Science Associates, Inc (MSA) have filed a motion to dismiss or in the alternative for a more specific complaint together with a memorandum of law to which Plaintiffs have responded.

In response to Defendants' motions, Plaintiff note that in Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) the Court of Appeals recognized that Leatherman v. Tarrant County

<u>Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163 (1993) held that the holding by some courts that civil rights cases were held to a heightened pleading requirement was contrary to the notice pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and
> (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a)(2005).

The problem with Plaintiff's complaint here is that it is so vague and conclusory that it does not give Defendant Clarks, Dr. Kuehn and MSA sufficient notice of the claims against them to be able to draft a responsive pleading. It is further noted that Rule 9(g) of the Federal Rules requires that "[w]hen items of special damages are claimed, they shall be specifically stated." Fed.R.Civ.P. 9(g).

Therefore, the following order is entered:

AND NOW , this 5th day of August 2005,

IT IS HEREBY ORDERED that the Motion for a More Definite Statement filed by Brian D. Clark and Brian D. Clark and Associates is granted and on or before September 2, 2005 Plaintiff shall file a more definite complaint relating to these Defendants as follows:

As to Count IV:

1. The contractual relation or potential contractual relation which existed between plaintiffs and a third party;

2. the identity of that third party;

3. the purposeful action that was taken by the Clark Defendants which was specifically intended to prevent the contractual relation or potential contractual relation from occurring.

As to Count V:

1. The text and content of the allegedly false and disparaging remarks;

2. The time and the place of allegedly false and disparaging remarks were communicated; and

3. The recipient of the allegedly false and disparaging remarks.

As to Count VII:

1. The actions taken by the Clark Defendants in furtherance of the conspiracy;

2. the actions taken by any other parties in furtherance of the conspiracy;

3. The period of time during which the conspiracy occurred.

As to Counts IV, V and VII, Each Plaintiff shall specifically identify any items of special damages they claims they have suffered.

      IT IS FURTHER ORDERED that the Motion to Dismiss, or in the alternative for More Definite Statement filed by Dr. Kuehn and MSA is granted, in that on or before September 2, 2005 Plaintiffs shall file a more specific complaint identifying their claims against Dr. Kuehn and MSA.

      IT IS FURTHER ORDERED that the Motion to Dismiss filed by Dr. Kuehn and MSA is Struck as Moot, as is Defendants' Clark's Joinder in Motions to Dismiss filed at Docs. #12, 18 and 20.

      /S/ IJS
      ILA JEANNE SENSENICH
      United States Magistrate Judge

cc:    Gianni Floro, Esquire
       510 Third Avenue
       Pittsburgh, PA 15219

       Caroline Liebenguth, Esquire
       Michael H. Wojcik, Esquire
       Allegheny County Law Department
       300 Fort Pitt Commons
       445 Fort Pitt Boulevard
       Pittsburgh, PA 15219

       Mark Raymond Hornak, Esquire
       Buchanan Ingersoll
       301 Grant Street
       One Oxford Centre, 20th Floor
       Pittsburgh, PA 15219

       S. Michael Streib, Esquire
       Peter A. McClenahan, Esquire
       Streib & McClenahan
       2901 Grant Building
       Pittsburgh, PA 15219

       Jon Hogue, Esquire
       Hogue & Lannis
       3400 Gulf Tower

```
Seventh Avenue & Grant Street
Pittsburgh, PA 15219

Paul T. Grater, Esquire
Law Offices of Paul T. Grater
Two Gateway Center, Suite 1673
Pittsburgh, PA 15222

P. Brennan Hart, Esquire
Jeanette H. Ho, Esquire
Pietragallo, Bosick & Gordon
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
```

*Courtesy Copy*
```
Quinn A. Johnson, Esquire
Meyer, Unkovic & Scott, PC
1300 Oliver Building
Pittsburgh, PA 15219
```