IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rock Ferrone and Rock Airport of Pittsburgh, L.L.C.<br><br>        Plaintiff,<br><br>        v.<br><br>DAN ONORATO, individually and officially, DENNIS DAVIN, individually and officially, MAURICE STRUL, individually and officially, ALLEGHENY COUNTY, REDEVELOPMENT AUTHORITY OF ALLEGHENY COUNTY, BRIAN D. CLARK, BRIAN D. CLARK AND ASSOCIATES, MICHAEL YABLONSKI, KEVIN MCKEEGAN, MEYER, UNKOVIC & SCOTT, L.L.P., ALFRED A. KUEHN, and MANAGEMENT SCIENCE ASSOCIATES, INC.<br><br>        Defendants. | )<br>)<br>) Civil Action No. 05-0484<br>)<br>) Chief Judge Ambrose/<br>) Magistrate Judge Sensenich<br>)<br>)<br>) |

**ORDER**

On April 18, 2005, this case was referred to United States Magistrate Judge Ila Jeanne Sensenich for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation filed on May 26, 2006, recommended that the Defendants' Motions to Dismiss at Doc # 46, 48, 49, 51 and 54 be granted as to Plaintiffs' federal claims, and that this Court decline to

exercise jurisdiction over the remaining state law claims, and dismiss them without prejudice.

The parties were allowed (10) days from the date of service to file objections. Service was made on all parties. Objections have been filed to the Report and Recommendation. Defendants' objections re-argue issues that have been adequately addressed in the Report and Recommendation, or merely preserve arguments for the record if the Report is not adopted. However, Plaintiffs' objections raise multiple arguments that were not presented in their briefs, and cite evidence that was not before the magistrate judge.[1] Plaintiffs make multiple arguments that could have, and should have, been raised in response to the various motions to dismiss. These arguments deal with the legal sufficiency of their Section 1983 claim.[2] They argue that, contrary to the Report of the magistrate judge, they can establish a property interest in support of their Section 1983

---

[1] Specifically, Plaintiffs cite a document (Ex. 1 to objections) that was an exhibit to an earlier motion to dismiss which was struck after they objected to its authenticity. Plaintiffs now resubmit it as an exhibit to their objections, along with nine other documents which were not previously before the magistrate judge. Further, the additional documents suggest that Plaintiffs need discovery, but they never filed a motion for leave to obtain discovery to respond to the motions to dismiss.

[2] Plaintiffs do not object to the magistrate judge's findings that they failed to state a claim under Sections 1985(3) and 1986. Further they do not dispute that they failed to state a claim for a First Amendment violation, a substantive due process violation or equal protection violation under the Fourteenth Amendment, or to allege any privacy interest to support their Section 1983 claim.

2

under the Fourteenth Amendment.³ Plaintiffs cite the loan agreement to support their claim that they have a property interest in the loan proceeds which were not disbursed. Plaintiffs also assert that Defendant Redevelopment Authority of Allegheny County was acting in a proprietary capacity when it managed the loan, and thus the loan is a contract that would be terminated only for cause under state law, and thereby protected by due process under the Constitution. Plaintiffs have not requested leave to amend their complaint or submitted for the Court's consideration an amended complaint. Therefore, Defendants' Motion to Dismiss Plaintiffs' claim under Section 1983 based on a due process property interest will be dismissed without prejudice *with leave to amend their complaint within 10 days of the date of this order*. After de novo review of the pleadings and documents in the case, together with the Report and Recommendation, and objections thereto, the following order is entered:

AND NOW, this *29th* day of *June*, 2006;

IT IS HEREBY ORDERED that the Defendants' Motions to Dismiss at Doc # 46, 48, 49, 51 and 54 are granted as to Plaintiffs' federal claims.

---

³ Plaintiffs have not objected to the magistrate judge's finding that withholding loan proceeds when the contract provides for discretionary disbursements does not qualify as a seizure for Fourth Amendment purposes. Thus, Plaintiffs have not alleged a Fourth Amendment violation.

3

IT IS ORDERED that Plaintiffs federal claims are dismissed with prejudice, except that Plaintiffs' claim under Section 1983 based upon a due process property interest is dismissed without prejudice *with leave to amend the complaint within 10 days of the date of this order*.

IT IS FURTHER ORDERED that the remaining state law claims be dismissed without prejudice.

The Report and Recommendation of Magistrate Judge Sensenich, dated, May 26, 2006 is adopted as the opinion of the Court, as supplemented by this order.

*Donetta W. Ambrose*
DONETTA W. AMBROSE
United States District Judge

cc:     Ila Jeanne Sensenich
        United States Magistrate Judge

        All parties electronically

4