IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROCK FERRONE, *et al.*,          )
                                 )
          Plaintiffs,            )   Civil Action No. 05-484
    v.                           )
                                 )   Chief Judge Ambrose
          v.                     )   Magistrate Judge Caiazza
                                 )
DAN ONORATO, *et al.*,           )
                                 )
          Defendants.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, the Defendants' Motions to Dismiss (Docs. 92, 95, 98, 102, 104, 112 & 132) should be granted regarding the Plaintiffs' only remaining federal claim, and otherwise denied as moot.

### II. REPORT

**BACKGROUND**

In an Order dated June 29, 2006, the District Court dismissed all of the Defendants' federal claims, save one. *See* Order (Doc. 84) at 4. Specifically, the court granted the Plaintiffs leave to amend their pleadings, allowing them one last chance to identify a constitutionally protected property interest regarding their procedural due process claim. *See id.*[1]

---

[1] Although the Plaintiffs' Second Amended Complaint also references substantive due process, *see id.* (Doc. 85) at ¶ 120, the District Court's leave to amend extended only to procedural due process. *See* June 29th Order at 2-3 & n.2 (noting that Plaintiffs did not object to recommended dismissal of substantive due process claim, and dismissing all federal claims except one regarding purported "due process property interest"). Accordingly, the instant Report's discussions are limited to procedural due process.

The District Court also dismissed the Plaintiffs' state law claims without prejudice.  *See id.*

Having reviewed the parties' additional submissions, the undersigned concludes that the Plaintiffs cannot state a viable due process claim.

**ANALYSIS**

**A.   The Court May Consider the Parties' Loan Documents in Resolving the Defendants' Motions Under Rule 12(b)(6)**

In connection with the previous Motions to Dismiss, the court reviewed loan documents relied upon in the Complaint. *See generally* Doc. 73 at 19; *see also* U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) ("a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment").  Here, the Redevelopment Authority of Allegheny County has attached to its more recent Motion the following: 1) a copy of the loan agreement; 2) a copy of the promissory note; 3) the open-ended mortgage and security agreement; 4) the assignment of rents and leases; 5) a letter closing the credit facility; and 6) the security agreement.  *See* Exs. 1-6 to Doc. 95.

The Plaintiffs oppose the court's consideration of these documents, noting they are somewhat different from the ones submitted with the original Motions to Dismiss.

*See* Doc. 115 at 3.  The Defendants respond that the Plaintiffs' pleadings specifically rely on the documents and they repeatedly refer to them in opposing dismissal.  The Defendants also argue that the documents are a matter of public record.  *See* Doc. 131 at 3-5; Doc. 130 at 3-9.

To be sure, the documents now submitted are somewhat different from the ones previously offered.  The differences are immaterial, however, for the purposes of the analyses below.  In addition, both contracts have been signed by the Plaintiffs, and their claims necessarily rely on the existence of a valid, executed agreement.

Under the circumstances, the court may rely on the loan documents without converting the Defendants' Motions to ones for summary judgment.  *See generally* Higgins, 281 F.3d at 388.

**B.    Procedural Due Process Under Section 1983**

A procedural due process claim has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) a lack of process.  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

"The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property.'"  American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999).  Property interests are not generally

created by the Constitution, but rather are defined by an independent source, such as a contract or state law. <u>Unger v. National Residents Matching Program</u>, 928 F.2d 1392, 1397 (3d Cir. 1991). However, "a wholesale federalization of state public contract law seems far afield from the great purposes of the due process clause." <u>Reich v. Beharry</u>, 883 F.2d 239, 242 (3d Cir. 1989) (citations omitted). Rights arising from state contracts generally are not protected, with only two exceptions:

> [T]he first type arises where the contract confers a protected status, such as those characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits.
>
> The second, albeit related type of property interest arises where the contract itself includes a provision that the state entity can terminate the contract only for cause.

<u>Unger</u>, 928 F.2d at 1399 (citations and internal quotations omitted).

The Plaintiffs here do not allege protected status, but they do allege the contract was terminable only for cause. *See* 2d Am. Compl. 85 at 11. The loan documents, however, do not support this assertion. *See* Loan Agreements, Ex. 13 to Doc. 49 *and* Exs. 1-6 to Doc. 95. There is no constitutionally protected interest in the loan agreement.

The Plaintiffs also appear to claim a property interest in the payment of loan proceeds. *See generally* 2d Am. Compl. at ¶ 3 (alleging they "had a legitimate claim of entitlement to the loan proceeds, upon which the Plaintiffs . . . rel[ied] in going forward with the business airpark project"). If the loan agreement itself did not create a constitutionally protected property interest, it follows that there was no protected interest in the loan proceeds. *See* discussion *supra*.

Even if there were, Supreme Court precedent requires an inquiry into whether "a post-[deprivation] lawsuit for breach of contract can remedy the full due process deficiency in the pre-[deprivation] proceedings." <u>Baird v. Board of Educ. for Warren Community Unit Sch. Dist. No. 205</u>, 389 F.3d 685, 691 (7th Cir. 2004) (citing <u>Lujan v. G & G Fire Sprinklers, Inc.</u>, 532 U.S. 189 (2001)), *cert. denied*, -- U.S. --, 126 S. Ct. 332 (2005). In <u>Lujan</u>,

> a California agency . . . withheld payments to a construction contractor because the agency alleged that the contractor had violated state minimum wage laws. . . . The contractor complained that the withholding violated its due process rights because the state did not provide notice or a hearing before withholding the payments. The [Supreme] Court explained that the state's actions did not deprive the contractor of any property over which it could exercise present ownership dominion; the contractors' interest was limited to a future claim for payment under a contract with the state. . . .

> Therefore, the Court held that <u>if California ma[de] ordinary judicial process available to respondent for resolving its contractual dispute, that process [wa]s due process</u>.

*See* <u>Marshall v. Lauriault</u>, 372 F.3d 175, 186 (3d Cir. 2004) (citing and quoting <u>Lujan</u>, emphasis added).

The <u>Lujan</u> Court recognized an exception for when, unlike a garden-variety contract case, the plaintiff "was denied a right by virtue of which he was <u>presently entitled</u> either to <u>exercise ownership dominion over real or personal property</u>, <u>or to pursue a gainful occupation</u>." *Id.*, 532 U.S. at 196 (emphasis added). Within this narrow category of cases, a post-deprivation lawsuit is insufficient and the plaintiff is entitled to a "reasonably prompt hearing." *See generally id.* at 195-96.

The Plaintiffs here do not qualify for the "present entitlement" exception in <u>Lujan</u>. Rather, they bring "an ordinary breach-of-contract suit" claiming to "ha[ve] been deprived of payment[s they] contend[ are] owed under a contract." *Id.* at 196. Pennsylvania "makes ordinary judicial process available . . . for resolving [their] contractual dispute," and that is all the process they should receive. *Id.* at 197.

### C. <u>The State Law Claims</u>

"[A]bsent extraordinary circumstances, where the federal causes of action are dismissed the district court should . . . refrain from exercising [supplemental] jurisdiction." <u>Bright v.

Westmoreland County, 380 F.3d 729, 751 (3d Cir. 2004) (citations and internal quotations omitted). No such extraordinary circumstances exist here. Moreover, the Plaintiff's refiling in state court should not create any statute of limitations issues. *See generally* Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("section 1367(d) tolls the statute of limitations," and "the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court") (citations and internal quotations omitted). For these reasons, the District Court should decline to exercise supplemental jurisdiction.

**CONCLUSION**

The Defendants' Motions to Dismiss (Docs. 92, 95, 98, 102, 104, 112 & 132) should be granted regarding the Plaintiffs' procedural due process claim, and the District Court should dismiss the state law claims without prejudice to refiling in state court.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by January 8, 2007.[2]

---

[2] The objections deadline has been extended to accommodate the holiday season.

Responses to objections are due by January 18, 2007.

December 19, 2006

*Francis X. Caiazza* (signature)
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

All Counsel of Record

-8-